IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JASPER HARRIS, JR.,

                Plaintiff,

v.                          Civil Action Number 3:08CV296

CITY OF RICHMOND DEPARTMENT OF
SOCIAL SERVICES, et al.,

                Defendants.

## **MEMORANDUM OPINION**

This matter is before the Court on the defendants' motion to dismiss. For the reasons stated herein, the defendants' motion to dismiss will be granted.

This case arises from a domestic relations matter involving the plaintiff and his minor son, K.B. The complaint alleges that in April 2000, the defendants, the City of Richmond Department of Social Services and its employees, unlawfully removed K.B. from the home of K.B.'s mother, A.B., placed K.B. for adoption, and had the plaintiff's parental rights with regard to K.B. terminated. The complaint alleges that A.B.'s children were "kidnapped, stolen, and taken away." The complaint also alleges that these actions took place without the plaintiff's consent and without notice to the plaintiff. Plaintiff cites several federal statutes that he argues entitle him to relief. He asks that the Court "grant his petition," award him $100,000 in compensatory damages and $100,000 in punitive damages, and have the child returned to the plaintiff.

Before this matter may proceed, the Court has an affirmative obligation to determine whether it has subject matter jurisdiction over this controversy. The defendants' motion to dismiss asserts

that the Court has no subject matter jurisdiction over this case. Having reviewed the pleadings, the Court concludes that the defendants are correct and that it does not have subject matter jurisdiction over this controversy.

First, there is no subject matter jurisdiction arising out of diversity of citizenship because the matter does not involve citizens of different states pursuant to 28 U.S.C. § 1332. Second, the matter does not "arise under" the Constitution or federal law so as to confer federal question subject matter jurisdiction on the Court. See Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908). In Louisville & Nashville Railroad v. Mottley, 211 U.S. 149, 152 (1908), the Court noted "that a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." Mottley, 211 U.S. at 152; see also Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005); Garvin v. Alumax of South Carolina, Inc., 787 F.2d 910, 913 (4th Cir. 1986). Moreover, if the federal claim "is so feeble, so transparent an attempt to move a state-law dispute to federal court ... it does not arise under federal law at all." Oak Park Trust and Sav. Bank v. Therkildsen, 209 F.3d 648, 650 (7th Cir. 2000); see also Williams v. Aztar Indiana Gaming Corp., 351 F.3d 294, 299-300 (7th Cir. 2003).

This is the case here. Plaintiff is seeking to present what is otherwise a wholly state matter – a domestic relations dispute – to federal court under the guise of a due process claim. The only federal issue mentioned in plaintiff's complaint is an allegation that his due process rights were violated. The federal statutes listed in the complaint address Indian Child Welfare, the Internal Revenue Code, and federal payments for foster care and adoption assistance. None of these statutes appears to be relevant to the facts alleged by the plaintiff, nor do the statutes afford the plaintiff any relief. In his response, the plaintiff also mentions Title 42, United States Code, Section 1983, but

only in reference to the alleged due process claim. The due process claim is alleged in a conclusory manner and is in reality an attempt to have the federal court overrule the state courts' determinations regarding the plaintiff's fitness as a parent. As such, it is precisely the type of transparent attempt to present a state-law dispute to federal court that federal courts routinely shun.[1]

Further, domestic relations matters are appropriately resolved in the courts of the Commonwealth of Virginia. The Supreme Court of the United States stated that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States, and not to the laws of the United States." In re Burrus, 136 U.S. 586, 593-94 (1890); Boggs v. Boggs, 520 U.S. 833, 848 (1997). By statute, the Virginia Juvenile and Domestic Relations Court exercises exclusive and original jurisdiction over all cases involving custody, visitation, support, control or disposition of a child. See Va. Code Ann. § 16.1-241 (Repl. Vol. 2003). As such, there is no federal question jurisdiction in this matter.[2]

In sum, therefore, there is neither diversity of citizenship nor a federal question involved in this matter. For these reasons, this matter will be dismissed for lack of subject matter jurisdiction.

---

[1] Plaintiff states in his response to the motion to dismiss that he is "FULLY AWARE THAT THIS CASE INVOLVES A JUVENILE DOMESTIC RELATIONS MATTER . . . ELEVATED FROM THE JUVENILE DOMESTIC RELATIONS COURT, TO THE COURT OF APPEALS, AND FINALLY TO THE SUPREME COURT OF VIRGINIA."

[2] Plaintiff has filed similar actions at least twice previously in this Court. See Harris v. Ford, Civil Action Number 3:89CV330 (E.D.Va. May 26, 1989), affirmed, 896 F.2d 546 (1990) (unpublished) (holding that plaintiff's appeal "from the district court's order dismissing his action regarding a child support order and visitation rights for lack of jurisdiction . . . is without merit."). See also Harris v. Commonwealth of Virginia, Civil Action Number 3:06CV399 (E.D.Va. June 16, 2006) (denying IFP motion and noting that the complaint seeks review of state court decisions which the Court had no jurisdiction to consider).

The Court also notes that if it had jurisdiction to consider this matter, the exhibits attached to the defendants' memorandum in support of the motion to dismiss show conclusively that the defendants afforded the plaintiff due process.

An appropriate Final Order shall issue.

 January 23, 2009                               /s/
DATE                         RICHARD L. WILLIAMS
                             SENIOR UNITED STATES DISTRICT JUDGE